


*United States Attorney's Office*
*Northern District of West Virginia*

Derek W. Hotsinpiller Federal Building
320 West Pike Street     Phone: (304) 623-7030
Suite 300     FAX: (304) 623-7031
Clarksburg, WV 26301

August 21, 2019

**VIA EMAIL**
L. Richard Walker
Federal Public Defender Office
The Huntington Bank Bldg.
230 W. Pike St., Suite 360
Clarksburg, WV 26302

**FILED**

SEP 0 6 2019

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

    Re:     *United States v. Tony Moore*
             Criminal No. 1:19CR45

Dear Mr. Walker:

       This will confirm conversations with you concerning your client, Tony Moore (hereinafter referred to as "Mr. Moore" or "Defendant").

       All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended.

       It is agreed between the United States and your client as follows:

       1.     Mr. Moore will enter a plea of guilty to a Count One of the Information charging him with assault by striking, in violation of Title 18, United States Code, Sections 7(3) and 113(a)(4).

       2.     The maximum penalties to which Mr. Moore will be exposed by virtue of his plea of guilty to is a term of imprisonment of not more than twelve (12) months, a fine of not more than $100,000.00, a period of supervised release of one (1) year; and a special mandatory assessment of $25.00 (18 U.S.C. 3013). Mr. Moore also might be required by the Court to pay the costs of his incarceration, if any.

*[signature]*
Tony Moore

*[signature]*
L. Richard Walker
Counsel for Mr. Moore

28 August 2019
Date

8/28/19
Date

L. Richard Walker, Esq.
August 21, 2019
Page

3. Mr. Moore will be completely forthright and truthful with federal officials in the Northern District of West Virginia and elsewhere with regard to all inquiries made of him and will give signed, sworn statements and grand jury and trial testimony relative thereto. Mr. Moore will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

4. Nothing contained in any statement or any testimony given by Mr. Moore, pursuant to paragraph 3, will be used against him as the basis for any subsequent prosecution. It is understood that any information obtained from Mr. Moore in compliance with his cooperation agreement will be made known to the sentencing Court; however, pursuant to U.S.S.G. § 1B1.8, such information may not be used by the Court in determining Mr. Moore's applicable guideline range. However, this agreement does not prevent Mr. Moore from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony provided by him pursuant to this agreement. In addition, nothing contained in this agreement shall prevent the United States from prosecuting Mr. Moore for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of him fulfilling the conditions of paragraph 3 above.

5. At final disposition, the United States will advise the Court of Mr. Moore's forthrightness and truthfulness, or failure to be forthright and truthful, and ask the Court to give the same such weight as the Court deems appropriate.

6. There have been no representations whatsoever by any agent or employee of the United States, or any other law enforcement agency, as to what the final disposition in this matter should and will be. This agreement includes <u>nonbinding</u> recommendations by the United States, pursuant to Rule 11(c)(1)(B). However, the defendant understands that the Court is <u>not</u> bound by these sentence recommendations, and that the defendant has <u>no</u> right to withdraw a guilty plea if the Court does not follow the sentencing recommendations set forth in this plea agreement.

7. The United States will make the following <u>nonbinding</u> recommendations: 1) if the probation office recommends a two-level reduction for acceptance of _____ as provided by U.S.S.G. § 3E1.1, the United States will concur in the recommendation; and 2) the Government will recommend a sentence of probation.

8. If, in the opinion of the United States, the defendant either engages in obstructive conduct defined under the Application Notes 4(a) through (k) of U.S.S.G. § 3C1.1, fails to cooperate as promised, fails to pay the special assessment prior to the sentencing hearing, or violates any other provision of this plea agreement, then the United States will not be bound to

_Tony m Moore_
Tony Moore

_Ch_

L. Richard Walker
Counsel for Mr. Moore

28 August 2019
Date

8/28/19
Date

L. Richard Walker, Esq.
August 21, 2019
Page

make the foregoing recommendations, and the defendant will not have the right to withdraw the plea.

9. Pursuant to Sections 6B1.4 and 1B1.3 of the Sentencing Guidelines, the parties hereby stipulate and agree that, on November 17, 2017, at the United States Penitentiary Hazelton, the defendant struck and assaulted inmate K.M. without just cause or excuse. The parties understand that pursuant to Section 6B1.4(d), the Court is not bound by the above stipulation and is not required to accept it. Mr. Moore understands and agrees that should the Court not accept the above stipulation, he will not have the right to withdraw his plea of guilty. The defendant further acknowledges that this stipulation does not obligate the Government to make any other specific sentencing recommendation.

10. With respect to any presentence investigation and the imposition of the sentence in this case, the United States reserves the right to provide to the Court and the United States Probation Office relevant information (including Mr. Moore's background, criminal record, offense conduct, and other pertinent data appearing at Rule 32(d) of the Federal Rules of Criminal Procedure) to assist the Court in exercising its sentencing discretion. The United States also retains the right to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the anticipated presentence report prepared by the Probation Office, and to respond to any written or oral statements made by the Court, by Mr. Moore or his counsel.

11. Defendant is aware that 18 U.S.C. § 3742 affords a Defendant the right to appeal the sentence imposed. Acknowledging this, and in exchange for the concessions made by the United States in this plea agreement, Defendant waives the following rights:

A. Defendant knowingly waives all rights, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all rights to appeal the Defendant's conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s);

B. The Defendant knowingly and expressly waives all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release); and

_Tony M Moore_
Tony Moore

_[signature]_
L. Richard Walker

28 August 2019
Date

8/28/19
Date

L. Richard Walker, Esq.
August 21, 2019
Page

        C.      To challenge the conviction or the sentence which is within the maximum provided in the statute of conviction or the manner in which it was determined in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255.

Nothing in the above paragraph, however, will act as a bar to the defendant perfecting any legal remedies he may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

        12.     If the defendant's plea is not accepted by the Court or is later set aside or if the defendant breaches any part of this agreement, then the Office of the United States Attorney will have the right to void this agreement.

        13.     The above twelve (12) paragraphs constitute the entire agreement between Mr. Moore and the United States of America in this matter. There are no agreements, understandings or promises between the parties other than those contained in this agreement.

Very truly yours,
WILLIAM J. POWELL
United States Attorney

By: _____ 9/6/19
Andrew R. Cogar
Assistant United States Attorney

As evidenced by my signature at the bottom of the four (4) pages of this letter agreement, I have read and understand the provisions of each paragraph herein and, hereby, fully approve of each provision.

_____
Tony Moore

_____
L. Richard Walker

28 August 2019
Date

8/29/19
Date